RAILROAD COMPANY *v.* JAMES.

In Wisconsin, a judgment is a lien from the time it is rendered, upon a railroad, and upon the rolling stock, which is a fixture by statute; and upon a bill in equity a decree for a sale to satisfy the judgment passed title to the purchaser.

THESE were three appeals from the Circuit Court for Wisconsin. The case was this:

On the 7th October, 1857, Cleveland recovered judgment for $111,727 against the La Crosse and Milwaukee Railroad Company. The legislature of Wisconsin, incorporating the road, provided that the title to lands which it might take in building its road, should, on its payment for them, "vest in the said company in fee," and provided also by general statute that rolling stock should be a fixture on any railroad, in connection with which it was used. Cleveland assigned his judgment to James. Subsequently to the entry of this judg-

---

* Freeman *v.* Howe et al., 24 Howard, 451.

ment, the company mortgaged its road to one Barnes, and under this mortgage the Eastern Division of the road was sold (a Western Division having been sold under liens prior to either Barnes's mortgage or Cleveland's judgment). The purchasers of this Eastern Division organized a new company under the name of the Milwaukee and Minnesota Company, and took possession of the road. James now filed his bill in the Circuit Court for Wisconsin against the Milwaukee and Minnesota Company, for the purpose of having his judgment declared a lien on the Eastern Division of the road, and the same sold in order to obtain satisfaction.

The court decreed that the judgment was a lien from the time of its rendition, and that the sum of $98,901.51 was due thereon, that the La Crosse Company had ceased to exist as a corporation, and that the Milwaukee and Minnesota Company had succeeded to its rights as to the Eastern Division, subject to all prior liens, and directed a sale by the marshal of the road from Milwaukee to Portage. A sale was made accordingly, and on a report to the court, was duly confirmed.

The three appeals now taken to this court were—

One on a petition of two stockholders in the Minnesota Company, Bright and Gunneseon, asking that the decree might be vacated, and they let in to defend;

One on a petition of the Minnesota Company to stay sale and open and vacate the decree, which was denied;

One, an appeal by the same company from the order confirming the sale.

*Messrs. Cushing and Stark, for the appellants; Messrs. Cary and Carlisle, contra.*

Mr. Justice NELSON delivered the opinion of the court.

The La Crosse and Milwaukee Company, by virtue of its charter and the proceedings under it, acquired a title in fee to the road-bed; and the rolling stock owned by it, and used and employed in connection with the road, is made a fixture by an express statute of the State of Wisconsin, and such, we

think, is the law according to the true construction of the charter, independent of the statute.* By the statute law of Wisconsin judgments are liens on real estate, and we do not doubt but that this judgment became a lien on the road from the time of its rendition, and that a sale under a decree in chancery, and conveyance in pursuance thereof, confirmed by the court, passed the whole of the interest of the company existing at the time of its rendition to the purchaser.†

A great many objections have been taken to the decrees below, but those of any substance or force will be found answered by the principles above stated.

DECREES AFFIRMED.

---

* Pennock *v.* Coe, 23 Howard, 117.

† Pennock *v.* Coe, 23 Howard, 117 ; Gue *v.* Tide Water Canal Co., 24 Id. 257; 2 Redfield, 544 and n.; Covington Co. *v.* Shepherd, 21 Howard, 112; Macon and Western Railroad Co. *v.* Parker, 9 Georgia, 377